## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIFE FUND 5.1 LLC, et. al., | ) | Case No. 09-32672 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. A. Benjamin Goldgar |

### NOTICE OF MOTION

**PLEASE TAKE NOTICE THAT on Monday, October 5, 2009, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in his stead, in Room 613 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the **TRUSTEE'S MOTION FOR GENERAL AUTHORITY TO ISSUE SUBPOENAS**, a copy of which is hereby served upon you.

Dated: September 29, 2009

**PATRICK M. COLLINS**, not individually,
but solely in his capacity as chapter 11
Trustee of the Debtors' estates

By:_____/s/ Brian A. Audette_____

**PERKINS COIE LLP**
David M. Neff (ARDC # 6190202)
Brian A. Audette (ARDC # 6277056)
131 S. Dearborn Street - Suite 1700
Chicago, Illinois 60603-5559
Telephone:  (312) 324-8400
Facsimile:  (312) 324-9400

*Proposed Counsel to the Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIFE FUND 5.1 LLC, et. al., | ) | Case No. 09-32672 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. A. Benjamin Goldgar |

### TRUSTEE'S MOTION FOR GENERAL AUTHORITY TO ISSUE SUBPOENAS

Patrick M. Collins, not individually, but solely in his capacity as chapter 11 trustee (the "Trustee") of the bankruptcy estates of Life Fund 5.1, LLC (Case No. 09-32672), Life Fund 5.2, LLC (Case No. 09-32674), A&O Life Fund, LLC (Case No. 09-32678), Houston Tanglewood Partners, LLC (Case No. 09-32676), A&O Resource Management, LP (Case No. 09-32677), A&O Bonded Life Assets, LLC (Case No. 09-32679), and A&O Bonded Life Settlement, LLC (Case No. 09-32681) (collectively, the "Debtors"), requests the entry of an order, pursuant to 11 U.S.C. §§ 105(a), 1106(a)(3) and Federal Rule of Bankruptcy Procedure 2004, authorizing the Trustee to issue subpoenas to, and conduct examinations of, individuals and entities who may have information regarding the Debtors' finances, creditors, investors, insurance policies, and potential causes of action.  In support of this motion, the Trustee states as follows:

### JURISDICTION

1.       This Court exercises jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these bankruptcy cases and this motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 1106(a)(3) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.      On September 2, 2009, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      On September 16, 2009, the Court entered an Order Directing Joint Administration of Related Chapter 11 Cases, which directed joint administration of the Debtors' cases under Case No. 09-32672.

5.      On September 16, 2009, the Court entered an Order Granting U.S. Trustee's Motion to Appoint a Chapter 11 Trustee.

6.      On September 21, 2009, the Office of the United States Trustee appointed the Trustee as chapter 11 trustee of the Debtors' estates.

7.      According to information obtained by the Trustee from the Debtors and the Trustee's own preliminary investigation of the Debtors' businesses, the Debtors operated in the "life settlement industry."  The Trustee believes that the Debtors used funds obtained from hundreds of individual investors to acquire life insurance policies (the "Policies") and these investors likely comprise the majority of the Debtors' creditors.

## RELIEF REQUESTED

8.      The Trustee requests that this Court enter an order authorizing, but not directing, the Trustee to issue subpoenas to, and conduct examinations of, individuals and entities who may have information regarding the Debtors' finances, creditors, investors, Policies, and potential causes of action, without further order of the Court.

## BASIS FOR RELIEF REQUESTED

9.      Section 1106 of the Bankruptcy Code provides that "[a] trustee shall . . . investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan."  11 U.S.C. § 1106(a)(3).

10.     Section 105(a) of the Bankruptcy Code empowers this Court with the authority to assist the Trustee in carrying out his duties, providing that this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

11.     Consistent with the Court's broad authority under section 105(a) to enforce the Bankruptcy Code, and in furtherance of the Trustee's duties under section 1106(a) of the Bankruptcy Code, Bankruptcy Rule 2004 provides that "[o]n motion of a party in interest, the court may order the examination of any entity."  Fed. R. Bankr. P. 2004(a).  The scope of this examination may relate, among other things, to "the acts, conduct, or property or to the liabilities and the financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."  Fed. R. Bankr. P. 2004(b).

12.     The attendance for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Bankruptcy Rule 9016, which incorporates Federal Rule of Civil Procedure 45 into cases under the Bankruptcy Code, and as an officer of this Court, an attorney may issue and sign a subpoena on behalf of the Court.  *See* Fed. R. Bankr. P. 2004(c).

13.     It is generally accepted that "the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted."  *In re Wilcher*, 56 B.R. 428, 433 (Bankr.

N.D. Ill. 1985).  Because "the primary purpose of a Rule 2004 examination is to permit the trustee to quickly ascertain the extent and location of the estate's assets," courts have acknowledged that Bankruptcy Rule 2004 allows for a "fishing expedition" not limited to the debtor's agents but extending to creditors and third parties who have had dealings with the debtor, without the limits as to scope placed upon examinations under the Federal Rules of Civil Procedure.  *Id.*; *see also In re Enron Corp.*, 281 B.R. 386, 840 (Bankr. S.D.N.Y. 2002) (recognizing that "Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions"); *In re Handy Andy Home Improvement Ctrs., Inc.*, 199 B.R. 376, 380 (Bankr. N.D. Ill. 1996) (noting that "a Rule 2004 examination is a broad 'fishing expedition' into a party's affairs for the purpose of obtaining information relevant to the administration of the bankruptcy estate").

14.     In this instance, it is critical for the Trustee to quickly gather information to accurately identify and confirm the Debtors' creditors and investors, the Debtors' assets, and the status of the Debtors' Policies.  The broad use of Bankruptcy Rule 2004 is especially appropriate in these cases given the serious allegations levied against the Debtors and pending investigations by state and federal agencies.  Moreover, the Trustee believes that the Debtors' most significant assets consist of the Policies.  Consequently, the Trustee must obtain accurate information about each of the Policies so that he can make a determination about, among other things, the status of the Policies, the value of the Policies, and immediate efforts that might need to be undertaken to preserve the value of the Policies.  Bankruptcy Rule 2004 provides the means by which the Trustee can obtain the critical information he needs to administer the Debtors' estates.

15.     Accordingly, the Trustee requests general authority to serve Bankruptcy Rule 2004 subpoenas and document requests upon those individuals and entities the Trustee believes

may have information that will allow the Trustee to confirm what assets comprise the Debtors' estates, the status of each of the Policies, what claims, if any, the Debtors' estates may hold against third parties, and what persons and entities comprise the Debtors' creditors.  The Trustee believes that granting him general authority to serve subpoenas at his discretion will be far more efficient that requiring the Trustee to seek leave of Court before issuing each separate subpoena.

16.     Based upon the foregoing, it is necessary and appropriate for this Court to provide the Trustee with authority to issue subpoenas for testimony and documents and to conduct examinations in furtherance of his duties under the Bankruptcy Code, without further order of the Court.

## NOTICE

17.     The Trustee has served notice of this motion upon: (a) the Office of the United States Trustee; (b) the Debtors' counsel; and (c) all parties that have appeared and/or requested notice in the Debtors' cases.  The Trustee has not served this motion upon the Debtors' consolidated list of 30 largest unsecured creditors because the Trustee believes that such service would constitute an unnecessary expense.  Therefore, given the relief requested herein, and notice to the parties who have otherwise appeared and participated in these cases, the Trustee requests that the Court approve limited notice of this motion.

WHEREFORE, the Trustee respectfully requests the entry of an order (a) authorizing, but not compelling, the Trustee to conduct discovery of those individuals and entities who the Trustee deems may have information regarding the Debtors' finances, creditors, investors, Policies, and potential causes of action by issuing Bankruptcy Rule 2004 subpoenas without further order of Court, and (b) granting the Trustee such other and further relief the Court deems just and proper.

Dated: September 29, 2009

Respectfully submitted,

**PATRICK M. COLLINS**, not individually, but solely in his capacity as chapter 11 Trustee of the Debtors' estates

By: _____/s/ Brian A. Audette_____

PERKINS COIE LLP
David M. Neff (ARDC #6190202)
Brian A. Audette (ARDC #6277056)
131 S. Dearborn St., Ste. 1700
Chicago, IL 60603
Tel: (312) 324-8400
Fax: (312) 324-9400
dneff@perkinscoie.com
baudette@perkinscoie.com

*Proposed Counsel to the Trustee*

## <u>CERTIFICATE OF SERVICE</u>

Brian A. Audette, an attorney, certifies that on September 29, 2009 he caused a copy of the *Notice of Motion* and *Trustee's Motion for General Authority to Issue Subpoenas* to be served by electronic mail to the parties listed below, and by the Court's ECF System to those parties registered to receive electronic service.

Sandra Rasnak
Gretchen Silver
Office of the U.S. Trustee
219 S. Dearborn St., Room 873
Chicago, IL  60604-1702
sandra.rasnak@usdoj.gov
gretchen.silver@usdoj.gov

Brian M. Graham
SMITHAMUNDSEN LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL  60601
bgraham@salawus.com

David T. B. Audley
Carly Jones
Chapman & Cutler
111 W. Monroe Street, Suite 1600
Chicago, IL  60603
audley@chapman.com
cmjones@chapman.com

Michael L. Gesas
Thomas P. Yardley
Miriam R. Stein
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
mlgesas@arnstein.com
mrstein@arnstein.com
tpyardley@arnstein.com

Deborah J. Fritsche
Lori Hood
Johnson, Spalding, Doyle
   West & Trent, LLP
919 Milam, Suite 1700
Houston, TX  77002
dfritsche@js-llp.com
lhood@js-llp.com

Hal F. Morris
Assistant Attorney General
Managing Attorney - Bankruptcy Regulatory Section
Texas Attorney General's Office
hal.morris@oag.state.tx.us

Arlene N. Gelman
Michael M. Eidelman
Vedder Price P.C.
222 N. LaSalle St., Suite 2600
Chicago, IL 60601
agelman@vedderprice.com
meidelman@vedderprice.com

Tony L. Visage
Deana F. Tillotson
Bracewell & Giuliani LLP
711 Louisiana St., Suite 2300
Houston, TX 77002-2770
tony.visage@bgllp.com
deana.tillotson@bgllp.com

/s/ Brian A. Audette