UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| LIFE FUND 5.1, LLC., | ) | Case No. 09 B 32672 |
| | ) | Jointly Administered |
| | ) | |
| Debtor. | ) | Judge A. Benjamin Goldgar |
| | ) | |

**AMENDED REPORT OF DISPUTED CHAPTER 11 TRUSTEE ELECTION**

Now comes William T. Neary, the United States Trustee for the Northern District of

Illinois ( "the U.S. Trustee"), by his attorney, Richard C. Friedman, and pursuant to  Fed. R.

Bankr. P. 2007(b)(3)(B) submits the following amended report of a disputed Chapter 11 trustee

election.[1]

## BACKGROUND

1.      This case, the lead of seven jointly administered cases, was filed on September 2,

2009.

2.      On September 21, 2009, the Court approved the appointment of Patrick M.

Collins ("Collins") as Chapter 11 trustee in each of the jointly administered cases.

3.       On October 13, 2009, Deborah J. Fritsche ("Fritsche") on behalf of a Group of

Investors filed a written request for a trustee election, which she reiterated at the meeting of

creditors held in this case on October 14, 2009.

4.       The meeting of creditors was continued for additional notice to creditors pursuant

_____

[1]The only material difference between this and the initial report previously filed is the
inclusion of Jeff J. Marwil's verified statement as required by Fed. R. Bankr. P. 2007.1(b)(3)(B).

to Fed. R. Bankr. P. 2002(a)(1) to November 13, 2009 at 9:30 a.m., at which time the requested

election was held for each of the jointly administered cases.

## THE MEETING OF CREDITORS

5.      The undersigned  presided at and conducted the meeting, along with Dean C.

Harvalis, Assistant U.S. Trustee, and M. Gretchen Silver, Trial Attorney, Office of the U.S.

Trustee.    Also among those present were Collins, the Chapter 11 trustee, his attorney, David M.

Neff ("Neff"), Hal F. Morris ("Morris"), Assistant Attorney General and Managing Attorney -

Bankruptcy Regulatory Section Texas Attorney General ("Texas"), Gordon E. Gouveia

("Gouveia") on behalf of creditors Harry L. Parlette IV and Adela F. Parlette (the "Parlettes"),

and David Audley ("Audley") on behalf of creditor Dr. Charles Giger ("Giger").   The Group of

Investors, whose proxies were held by Lori A. Hood ("Hood"), was represented by  Fritsche,

Hood,  and Brian M. Graham ("Graham").  On behalf of the Group of Investors, Fritsche, Hood

and Graham requested a trustee election, nominated Jeff J. Marwil ("Marwil") to be trustee in

each of the cases and cast their votes for Marwil.  No other candidates were nominated.

6.      The undersigned conducted the election by taking each case in succession, polling

those at the meeting either in person or by telephone, whether they were for or against Marwil.

Some parties contested the right of other parties to participate in the election.  For example, the

U.S. Trustee objected to the participation of Consolidated Wealth Management, LLC, John E.

Spalding and Laura H. Spalding, because they are insiders with interests  materially adverse to

the estate.  The Group of Investors objected to Texas's participation, contending the State lacked

standing.  Although there were significant votes against Marwil, both in number and amounts,

there does not appear to be any dispute that but for the objections below,  Marwil was nominated

and elected as Chapter 11 trustee for each of the seven jointly administered cases.  Marwil's

verified statement under Fed. R. Bankr. P. 2007.1(b)(3)(B) is attached to this report.

### OBJECTIONS TO ELECTION AND TO CLAIMS FOR VOTING PURPOSES

7.       In order to hold a trustee election, §702(b), which is incorporated by reference in §

1104(b) of the Code, requires that creditors holding at least twenty percent (20%) in amount of

the claims specified in §702(a) of the Code request the election of a trustee.  Pursuant to §702(c),

a candidate for trustee is elected if he or she receives a majority in amount of the votes cast,

provided that at least twenty percent (20%) in amount of the eligible claims under §702(a)

actually vote.

8.       The eligibility requirements governing a creditor's right to vote in an election are

set forth in §702(a) of the Code and Fed. R. Bankr. P. 2007.1, which incorporates by reference

Fed. R. Bankr. P. 2003(b)(3) and Fed. R. Bankr. P. 2006.  Section 702(a) of the Code provides

that a creditor may vote for a candidate for trustee only if such creditor:

   (1)      holds an allowable, undisputed, fixed, liquidated, unsecured claim of a
            kind entitled to distribution under Sections 726(a)(2), 726(a)(3), 726(a)(4),
            752(a), 766(h), or 766(i) of this title;

   (2)      does not have an interest materially adverse . . . to the interest of creditors
            entitled to such distribution; and

   (3)      is not an insider.

9.    Fed. R. Bankr. P. 2006 states as follows:

Solicitation and Voting of Proxies in Chapter 7 Liquidation Cases

*(a) Applicability*.  This rule applies only in a liquidation case pending under
chapter 7 of the Code.

-3-

*(b) Definitions*.

   *(1) Proxy.* A proxy is a written power of attorney authorizing any entity to vote the claim or otherwise act as the owner's attorney in fact in connection with the administration of the estate.

   *(2) Solicitation of proxy.* The solicitation of a proxy is any communication, other than one from an attorney to a regular client who owns a claim or from an attorney to the owner of a claim who has requested the attorney to represent the owner, by which a creditor is asked, directly or indirectly, to give a proxy after or in contemplation of the filing of a petition by or against the debtor.

*(c) Authorized solicitation*.

   *(1)* A proxy may be solicited only by (A) a creditor owning an allowable unsecured claim against the estate on the date of the filing of the petition; (B) a committee elected pursuant to § 705 of the Code; (C) a committee of creditors selected by a majority in number and amount of claims of creditors (i) whose claims are not contingent or unliquidated, (ii) who are not disqualified from voting under § 702(a) of the Code and (iii) who were present or represented at a meeting of which all creditors having claims of over $ 500 or the 100 creditors having the largest claims had at least five days notice in writing and of which meeting written minutes were kept and are available reporting the names of the creditors present or represented and voting and the amounts of their claims; or (D) a bona fide trade or credit association, but such association may solicit only creditors who were its members or subscribers in good standing and had allowable unsecured claims on the date of the filing of the petition.

   *(2)* A proxy may be solicited only in writing.

*(d) Solicitation not authorized.*  This rule does not permit solicitation (1) in any interest other than that of general creditors; (2) by or on behalf of any custodian; (3) by the interim trustee or by or on behalf of any entity not qualified to vote under § 702(a) of the Code; (4) by or on behalf of an attorney at law; or (5) by or on behalf of a transferee of a claim for collection only.

*(e) Data required from holders of multiple proxies*.  At any time before the voting commences at any meeting of creditors pursuant to § 341(a) of the Code, or at any other time as the court may direct, a holder of two or more proxies shall file and transmit to the United States trustee a verified list of the proxies to be voted and a verified statement of the pertinent facts and circumstances in connection with the execution and delivery of each proxy, including:

*(1)* a copy of the solicitation;

*(2)* identification of the solicitor, the forwarder, if the forwarder is neither the solicitor nor the owner of the claim, and the proxyholder, including their connections with the debtor and with each other. If the solicitor, forwarder, or proxyholder is an association, there shall also be included a statement that the creditors whose claims have been solicited and the creditors whose claims are to be voted were members or subscribers in good standing and had allowable unsecured claims on the date of the filing of the petition. If the solicitor, forwarder, or proxyholder is a committee of creditors, the statement shall also set forth the date and place the committee was organized, that the committee was organized in accordance with clause (B) or (C) of paragraph (c)(1) of this rule, the members of the committee, the amounts of their claims, when the claims were acquired, the amounts paid therefor, and the extent to which the claims of the committee members are secured or entitled to priority;

*(3)* a statement that no consideration has been paid or promised by the proxyholder for the proxy;

*(4)* a statement as to whether there is any agreement and, if so, the particulars thereof, between the proxyholder and any other entity for the payment of any consideration in connection with voting the proxy, or for the sharing of compensation with any entity, other than a member or regular associate of the proxyholder's law firm, which may be allowed the trustee or any entity for services rendered in the case, or for the employment of any person as attorney, accountant, appraiser, auctioneer, or other employee for the estate;

*(5)* if the proxy was solicited by an entity other than the proxyholder, or forwarded to the holder by an entity who is neither a solicitor of the proxy nor the owner of the claim, a statement signed and verified by the solicitor or forwarder that no consideration has been paid or promised for the proxy, and whether there is any agreement, and, if so, the particulars thereof, between the solicitor or forwarder and any other entity for the payment of any consideration in connection with voting the proxy, or for sharing compensation with any entity, other than a member or regular associate of the solicitor's or forwarder's law firm which may be allowed the trustee or any entity for services rendered in the case, or for the employment of any person as attorney, accountant, appraiser, auctioneer, or other employee for the estate;

*(6)* if the solicitor, forwarder, or proxyholder is a committee, a statement signed and verified by each member as to the amount and source of any consideration paid or to be paid to such member in connection with the case other than by way of dividend on the member's claim.

*(f) Enforcement of Restrictions on Solicitation.* On motion of any party in interest or on its own initiative, the court may determine whether there has been a failure to comply with the provisions of this rule or any other impropriety in connection with the solicitation or voting of a proxy. After notice and a hearing the court may reject any proxy for cause, vacate any order entered in consequence of the voting of any proxy which should have been rejected, or take any other appropriate action.

10.     Collins contested the election for the reasons stated on the record by his attorney, Neff,  which have now been reduced to writing in his "Objections of Trustee Patrick M. Collins to the November 13, 2009 Election of Trustee," docket # 180.   Collins contested the validity of the proxies of the Group of Investors, because their attorneys' solicitation was unauthorized under Fed. R. Bankr. P. 2006(d)(4), and because they failed to substantially comply with Fed. R. Bankr. P. 2006(e), (notwithstanding their attempt to do so on November 12, 2009, docket # 176). The Parlettes have adopted the Collins' objections. *See* docket # 182.

11.     Collins' objections were in substance also made by the U.S. Trustee, Texas, and Giger, and while each of these parties reserves the right to file papers in support of their specific position, the U.S. Trustee specifically reserves the right to file a motion pursuant to Fed. R. Bankr. P. 2006(f) to disallow the proxies of the Group of Investors due to improprieties in connection with their solicitation.   In sum, the objectors assert that the election was irremediably tainted and that, therefore, Collins should continue to serve as Chapter 11 trustee.

[INTENTIONALLY LEFT BLANK]

## CONCLUSION

12.     Based upon these disputed issues, the election itself is disputed and, therefore, no

trustee was elected at the meeting of creditors held in this case.


RESPECTFULLY SUBMITTED,

WILLIAM T. NEARY
UNITED STATES TRUSTEE

DATE: January 13, 2010          BY:          /s/ Richard C. Friedman
                                             Richard C. Friedman
                                             Office of the U.S. Trustee
                                             219 South Dearborn Street, Room 873
                                             Chicago, Illinois  60604
                                             (312) 886-3320


## CERTIFICATE OF SERVICE

I, Richard C. Friedman, Attorney, state that pursuant to pursuant to Local Rule 9013-3(D) the above **Amended Report of Disputed Chapter 11 Trustee Election** was filed on January 13, 2010, and served on all parties identified as Registrants on the service list below through the Court's Electronic Notice for Registrants and, as to all other parties on the service list below, I caused a copy to be sent via First Class Mail to the address(es) indicated on January 13, 2010.


/s/ Richard C. Friedman

**SERVICE LIST**
**LIFE FUND 5.1, LLC**
**09-32672**

**Registrants Served Through the Court's Electronic Notice for Registrants:**

**Patrick M Collins**
Perkins Coie LLP
131 S. Dearborn
Chicago, IL 60603
312-324-8400
pcollins@perkinscoie.com

**Brian A. Audette**
Perkins Coie LLP
131 South Dearborn, Suite1700
Chicago, IL 60603
baudette@perkinscoie.com

**David Audley**
Chapman and Cutler LLP
111 W. Monroe St.
Chicago, IL 60603
audley@chapman.com

**Michael M. Eidelman**
Vedder Price
222 N. LaSalle Street, Suite 2600
Chicago, IL 60601
meidelman@vedderprice.com

**Deborah J. Fritsche**
Johnson, Trent, West & Taylor, LLP
919 Milam, Suite 1700
Houston, TX 77002
dfritsche@johnsontrent.com

**Arlene N Gelman**
Vedder Price P.C.
222 North LaSalle Street, 26th Floor
Chicago, IL 60601
agelman@vedderprice.com

**Michael L. Gesas**
Arnstein & Lehr, LLP
120 South Riverside Plaza, 1200
Chicago, IL 60606-3910
mlgesas@arnstein.com

**Brian M. Graham**
SmithAmundsen LLC
150 N. Michigan Ave.
Chicago, IL 60601
bgraham@salawus.com

**Lori A Hood**
Johnson, Trent, West & Taylor, LLP
919 Milam, Suite 1700
Houston, TX 77002
lhood@johnsontrent.com

**Bryan E. Minier**
Smith Amundsen LLC
150 N. Michigan, Suite 3300
Chicago, IL 60613
bminier@salawus.com

**David M. Neff**
Perkins Coie LLP
131 South Dearborn, Suite 1700
Chicago, IL 60603
dneff@perkinscoie.com

**Miriam R. Stein**
Arnstein & Lehr LLP
120 South Riverside Plaza, Suite 1200
Chicago, IL 60606
mrstein@arnstein.com

**Parties Served via First Class Mail:**

**Life Fund 5.1, LLC**
203 N. LaSalle Street, Suite 2100
Chicago, IL 60603

**Deana F Tillostson**
711 Louisiana St, Suite 2300
Houston, TX 77002

**Edith Stuart Phillips**
Office of the Texas Attorney General
Bankruptcy & Collection Division
PO Box 12548
Austin, TX 78711

**Jeff J. Marwil**
Proskauer Rose LLP
70 W. Madison St., Suite 3800
Chicago, IL 60602-4342

Stephen G. Scott
327 Pidgeon Bay Road
Summetville, SC 29483-3416

Donald F. Bouchard
2527 North Brighton Place
Arlington Heights, IL 60004

Rita Gray
15702 Hickory Lane
Oak Forest, IL 60452

James P. Casey
403 South Orchard Drive
Park Forest, IL 60466

Shela Davies
936 West Madison
Chicago, IL 60607

William Wagner
22 W. 107 Irving Park Road
Medinah, IL 60157

Judy Johnson
2821 Briarwood Drive
Arlington Heights, IL 60005

Harry & Adela Parlette
c/o Gordon G. Gouveia
Shaw Gussis, et al.
321 North Clark Street, Suite 800
Chicago, IL 60654

Cleaster Lawrence
c/o Calvin Jones Jr.
4222 Bonniebank Road, Suite 305
Richmond, VA 23234

Southside Rappahannock Assoc.
Fred Holmes
c/o Calvin Jones Jr.
4222 Bonniebank Road, Suite 305
Richmond, VA 23234

Sharon Rosito
2614 Clinton
Berwyn, IL 60402

Jan Arden
381 Tratebas Road
Valparaiso, IN 46883

Jack McWhirter
5453 Central Avenue
Portage, IN 46368

Florence L. Becker
620 Carlisle Avenue
Deerfield, IL 60015

Donna E. Becker
639 De Tamble Avenue
Highland Park, IL 60035

Ronald Householder
1824 Laine Landing
League City, TX 77573

Dan Graham
Funkhouser Vegosen Liebman & Dunn Ltd.
55 West Monroe Street, Suite 2300
Chicago, IL 60603

Martha C. Sappington
P.O. Box 343
Lake Geneva, WI 53147

Hal Morris
Assistant Attorney General
Office of the Texas Attorney General
Bankruptcy & Collections Division
P.O. Box 12548 MC-008
Austin, TX 78711-2548

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-32672 |
| LIFE FUND 5.1, LLC, | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-32674 |
| LIFE FUND 5.2, LLC, | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-32676 |
| HOUSTON TANGLEWOOD PARTNERS, LLC, | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-32677 |
| A&O RESOURCE MANAGEMENT LP, | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-32678 |
| A&O LIFE FUND LLC, | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-32679 |
| A&O BONDED LIFE ASSETS, LLC, | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-32681 |
| A&O BONDED LIFE SETTLEMENTS, LLC, | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| Debtor. | ) | |
| | ) | |

## DECLARATION OF DISINTERESTEDNESS OF JEFF J. MARWIL

I, JEFF J. MARWIL, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1.      I am a Partner at the law firm of Proskauer Rose LLP ("Proskauer" or the "Firm"), which maintains offices for the practice of law at, among other places, 70 West Madison Street, Suite 3800, Chicago, Illinois 60602.  I am admitted, practicing, and a member in good standing of the bar of the State of Illinois and the United States District Court for the Northern District of Illinois.

2.      I submit this Declaration in support of the Report of the United States Trustee stating the existence of a dispute in connection with my election as chapter 11 trustee ("Trustee") of the estates of:  Life Fund 5.1, LLC; Life Fund 5.2, LLC; Houston Tanglewood Partners, LLC; A&O Resource Management LP; A&O Life Fund LLC; A&O Bonded Life Assets, LLC; and A&O Bonded Life Settlements, LLC (collectively, the "Debtors").  I am in all respects competent to make this Affidavit.

3.      Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein.

4.      I make the following disclosures: (a) to establish that I am qualified to act as Trustee in these chapter 11 cases and do not have any relationship with the Office of the United States Trustee, the Bankruptcy Judge presiding over these chapter 11 cases, or any other person who would disqualify me from being appointed as Trustee in these chapter 11 cases; (b) to establish that I am a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and (c) to set forth all my connections - and to the extent relevant to the determination of my status as a disinterested person, those of Proskauer - with the Debtors,

2

parties-in-interest in these chapter 11 cases (identified in more detail below), the United States

Trustee (Region 11), and persons employed in the Office of the United States Trustee (Region

11).[1]

5.      Prior to joining Proskauer, I was a partner in the law firms of Winston & Strawn,

Jenner & Block and Katten Muchin Rosenman. I have been a lawyer practicing in the

insolvency and bankruptcy field since 1986. I am also the Receiver and sole managing member

of the Bayou Group of Hedge Funds (now emerging from their own chapter 11 cases, after a

highly successful fraudulent conveyance recovery campaign for the benefit of defrauded

investors). Attached hereto as Exhibit A is my Biography.

6.      To assist me in the performance of my duties as Trustee, I intend to retain

Proskauer as my principal counsel. I may also engage Perkins Coie and additional counsel,

consultants, and subject matter experts, and will work with Proskauer and such other counsel,

consultants, and subject matter experts to allocate responsibility for various tasks to avoid

duplication of effort and to move my investigation and administration of these cases forward as

quickly, harmoniously, and efficiently as possible.

7.      With respect to my "disinterestedness" under section 101(14) of the Bankruptcy

Code, I provide the following information:

    (a)    I am not, and have not been during the pendency of these chapter 11 cases, a
          creditor, equity security holder, or insider of the Debtors;

    (b)    I am not, and have not been, a director, officer, or employee of any of the
          Debtors;

---

[1]      The connections disclosed herein are to the best of my knowledge at the time of this Declaration.
Proskauer's and my inquiries into connections with parties-in-interest in these chapter 11 cases are ongoing. If
Proskauer or I discover any additional connections, Proskauer or I will promptly file and serve supplemental
disclosures as to any such additional connections.

3

(c)    I am not, and have not been, an investment banker for any outstanding security of any of the Debtors;

(d)    I am not, and have not been, an investment banker for a security of any of the Debtors, or an attorney for any such investment banker in connection with the offer, sale, or issuance of a security for any of the Debtors; and

(e)    I am not related to and do not have any connections with any Bankruptcy Judge of the United States Bankruptcy Court for the Northern District of Illinois, the United States Trustee (Region 11), or any person employed by the United States Trustee (Region 11), other than my former employment with the United States Attorney's Office.

8.    In connection with my proposed appointment as Trustee in these chapter 11 cases, I have accessed the list of persons and entities (the "Identified Parties") set forth in the Declaration of the appointed Trustee in these cases to ascertain my and Proskauer's connections to such parties. The list of Identified Parties is attached hereto as <u>Exhibit B</u>.

9.    Based upon a review of the Identified Parties listed in <u>Exhibit B</u>, I respectfully represent that to the best of my knowledge I do not have any connections with any of the Identified Parties. I do not have any interest materially adverse to the interests of the estates of any of the Debtors, or any of the Interested Parties, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

10.    To the best of my knowledge, I have never represented any of the Identified Parties. My investigation into Proskauer's connection to the Identified Parties is ongoing.

11.    Based upon information available to me regarding the Identified Parties, to the best of my knowledge, the partners, counsel, and associates of Proskauer: (a) do not have any connection with the Debtors or their affiliates, their creditors, the United States Trustee or any person employed in the office of the United States Trustee, or any other significant party-in-interest, or their respective attorneys and accountants: (b) are "disinterested persons," as that term

4

is defined in section 101(14) of the Bankruptcy Code: and ( c) do not hold or represent any
interest adverse to the Debtors' estates.

12.     Proskauer may have represented, may currently represent and in the future may
represent certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the
Debtors, the Debtors' chapter 11 cases, or such entities' claims against or interests in the Debtors.
Proskauer does not represent any individuals or entities in any matters adverse or related to the
Debtors or these chapter 11 cases.

13.     As a matter of disclosure policy, I and Proskauer will periodically review
Proskauer's past and present relationships with entities materially participating in the Debtors'
cases and I or Proskauer will file a supplemental disclosure declaration, if warranted.

14.     To the best of my knowledge, neither Proskauer nor any attorney at the Firm is or
was, within two years before the date hereof, a director, officer, member, manager or employee
of the Debtors.

15.     To the best of my knowledge, Proskauer does not have an interest materially
adverse to the interests of the Debtors' estates, any class of creditors, or any equity security
holders, by reason of any direct or indirect relationship to, connection with or interest in the
Debtors, or for any other reason.

16.     To the best of my knowledge, no attorney at Proskauer is related to any United
States Bankruptcy Judge in the United States Bankruptcy Court for Northern District of Illinois
or the United States Trustee (Region 11) or any employee in the office thereof.

17.     As required by section 504 of the Bankruptcy Code, neither Proskauer nor I have
agreed to share any compensation or reimbursement received in connection with these chapter 11
cases with another person except pursuant to Proskauer's partnership agreement.

18.    Any request for payment from the Debtors' estates for compensation and
reimbursement of expenses incurred in the performance of my services as Trustee will be subject
to approval of the Bankruptcy Court, and will be made in accordance with the applicable
provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this
Bankruptcy Court.

19.    In light of the foregoing, I and Proskauer are "disinterested persons" within the
meaning of section 101 (14) of the Bankruptcy Code.

I declare that the foregoing is true and correct to the best of my knowledge, information
and belief.

Executed this 12th day of January, 2010, at Chicago, Illinois.

_____
Jeff J. Marwil

Subscribed and sworn to before me
this 12th day of January 2010.

_____
Notary Public

```
Official Seal
Michele M Reetz
Notary Public State of Illinois
My Commission Expires 12/10/2013
```

6

**EXHIBIT A**



Chicago
t 312.962.3540
f 312.962.3551
jmarwil@proskauer.com

**Related Practices**
Bankruptcy & Restructuring
Hedge Funds
Corporate Governance
Distressed Debt

**Education**
DePaul University College of Law,
J.D., 1986

University of Michigan, B.A., 1983

**Bar Admissions**
Illinois

# Jeff J Marwil
Partner

Jeff Marwil is a Partner in the Bankruptcy & Restructuring Group. During his 23 years of experience in the bankruptcy, workout and corporate restructuring area, he has developed a reputation for providing sophisticated strategic advice to upper-tier companies in distress and for solving challenging legal and business issues.

Currently, Jeff is devoting significant attention to hedge funds in distress. He represents hedge funds, the managers/advisers, and sophisticated fund-of-fund and pension plan investors in hedge fund restructurings, wind-downs, liquidations, and complex litigation matters. Jeff recently served as lead fund counsel for a complex of several alternative strategy funds seeking to restructure in the midst of the current unprecedented market conditions. He currently serves as the Sole Managing Member of the Bayou Group of hedge funds, and is pursuing, in its Chapter 11 cases, fraudulent conveyance recoveries from Ponzi scheme recipients for the benefit of defrauded investors. Other matters in which Jeff is involved include the representation of a large group of investors in Ezra Merkin's Madoff "feeder funds," as well as Fund counsel in an attempted restructuring, and now wind-down, of a multibillion dollar onshore and offshore affiliated group of multistrategy hedge funds.

Recent matters in which Jeff has served as lead restructuring counsel include:

> Analyzing the restructuring and wind-down options on behalf of the manager of a $1.5 billion complex of hedge funds (onshore and offshore). In this matter, he coordinated competing interests of fund creditors and investors, as well as worked to maximize the value of the funds' assets, including investments in a group of companies that are now the subject of Chapter 11 filings, lawsuits and an alleged $3.5 billion fraud scheme.

> Analyzing and implementing a wind-down plan for a complex of six hedge funds (onshore and offshore) with more than $3 billion of invested principal

> Representing the provisional liquidator named in Bermuda for the two corporate parent companies of Chapter 11 debtor SageCrest Holdings, Inc.

Jeff also has long-term and extensive experience representing public and private companies (in and out of court) in restructuring complex capital structures and reorganizing their financial affairs and business operations. Jeff has an in-depth understanding of the roles and responsibilities of officers and directors of both publicly traded and privately held companies, and regularly is retained to provide advice on issues of fiduciary duty related to companies in distress, their creditors and their shareholders.

In addition to counseling clients through workouts, restructurings and reorganizations, Jeff has represented companies, private equity funds, hedge funds and other investment groups in the purchase and sale of distressed companies, debt and assets. He has assisted numerous clients, both on the sell side and the buy side, with structuring and consummating complex transactions. He also has represented senior secured lenders and official committees in major workouts, restructurings and reorganizations.

Nationally recognized as an independent fiduciary, Jeff handles investigations of fraud and pursuing recoveries for investors and other victims of fraud. In addition to his role in the Bayou matter, he serves as the Securities Exchange Commission-selected and Southern District of Indiana-appointed Conservator and Receiver for the Church Extension of the Church of God and United Management Services.

Jeff has consulted with the bipartisan leadership of several Senate committees as they conducted oversight in pursuit of possible legislation on hedge fund registration and regulations. Legislation introduced in the 109th Congress contained language recommended by Jeff concerning the necessity of independent, outside auditors for hedge funds.

Jeff is a frequent speaker at the American Bankruptcy Institute, the Turnaround Management Association and other privately sponsored educational events.

**Memberships**
American Bankruptcy Institute (Co-Chair of Finance and Banking Committee, Development Committee)

**Other Distinctions**
*Chambers USA:* Bankruptcy/Restructuring 2009

2

*Illinois Super Lawyers*: Bankruptcy 2005-2009

*Lawdragon* "New Stars, New World"

*Who's Who Legal Illinois*: Insolvency and Restructuring

Martindale-Hubbell: AV-Rated

3

## EXHIBIT B

### IDENTIFIED PARTIES

1. Life Fund 5.1, LLC
2. Life Fund 5.2, LLC
3. A&O Bonded Life Assets, LLC
4. A&O Bonded Settlements, LLC
5. A&O Life Fund, LLC
6. Houston Tanglewood Partners, LLC
7. A&O Resource Management Ltd.
8. Shephard Capital Management
9. Russell Mackert
10. Provident Capital of Costa Rica
11. Brent Oncale
12. Adley Abdulwahab
13. Chris Allmendinger
14. Physician's Trust LLC
15. Blue Diamond Capital Group, LLC
16. A&O Life Funds Management, LLC
17. A&O Life Funds LP
18. Life Fund 5.1 Management, LLC
19. A&O Bonded Life Assets Management, LLC
20. Life Fund 5.2 Management, LLC
21. A&O Bonded Life Settlements, LLC
22. A&O Life Fund Management
23. Lincoln Financial Group
24. Turn Key Hedge Funds, Inc.
25. Provident Capital Indemnity, Ltd.
26. Prestige Title, Inc.
27. JW Cole Financial, Inc.
28. Hibernia Bank
29. Countrywide Financial
30. Genworth Life and Annuity Insurance Company
    Transamerica
31. Pacific Life Insurance Company
32. AIG American General
33. ING Security Life
34. West Coast Life Insurance Company
35. Principal Financial Group
36. Lincoln Benefit Life Company
37. Phoenix Life Insurance Company
38. National Life Insurance Co.
39. Sun Life Financial
40. Pacific Life
41. ING ReliaStar Life
42. American General
43. Lincoln Financial
44. John Hancock

1

45.   Prudential Financial
46.   Massachusetts Mutual Life Insurance Company
47.   Metlife
48.   AVIVA
49.   John Hancock Life Insurance Company

1111/99999-500 Current/17279182v1

01/12/2010 3:31 pm