**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIFE FUND 5.1, LLC, *et al.,*[1] | ) | Case No. 09 B 32672 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | **Hearing Date: March 17, 2010** |
| | ) | **Hearing Time: 9:30 a.m.** |

**NOTICE OF HEARING ON APPLICATION OF CHAPTER 11 TRUSTEE JEFF
MARWIL TO RETAIN PROSKAUER ROSE LLP AS HIS COUNSEL
<u>RETROACTIVE TO THE DATE OF HIS APPOINTMENT</u>**

**TO: SEE ATTACHED SERVICE LIST**

**PLEASE TAKE NOTICE** that on **March 17, 2010, at 9:30 a.m.**, Jeff Marwil and/or the undersigned shall appear before the Honorable A. Benjamin Goldgar, United States Bankruptcy Judge for the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, or any other Judge who may be sitting in his place and stead, in Courtroom 613 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, 60604, and then and there present for hearing the *Application of Chapter 11 Trustee Jeff Marwil to Retain Proskauer Rose LLP as His Counsel Retroactive to the Date of His Appointment*, a copy of which is enclosed herewith and hereby served upon you.

Dated: March 11, 2010          Respectfully Submitted,

                                        **JEFF MARWIL**, not individually, but solely in his capacity as Chapter 11 Trustee

                                        By: */s/ Jeremy T. Stillings*
                                        Jeremy T. Stillings (ARDC# 06279868)
                                        PROSKAUER ROSE LLP
                                        70 West Madison, Suite 3800
                                        Chicago, Illinois 60602-4342
                                        (312) 962-3529
                                        (312) 962-3551 (Fax)
                                        *Proposed Counsel to the Trustee*

---

[1] The Debtors in the cases are: (1) Life Fund 5.1, LLC; (2) Life Fund 5.2, LLC; (3) A&O Life Fund, LLC; (4) A&O Resource Management, LLC; (5) A&O Bonded Life Settlement, LLC; (6) A&O Bonded Life Assets, LLC; and (7) Houston Tanglewood Partners, LLC.

## **CERTIFICATE OF SERVICE**

I, Jeremy T. Stillings, an attorney, hereby certify that on March 11, 2010, I caused copies of the enclosed *Application of Chapter 11 Trustee Jeff Marwil to Retain Proskauer Rose LLP as His Counsel Retroactive to the Date of His Appointment* to be served upon those parties on the attached service list via overnight delivery or the Court's Electronic Case Filing system.

Dated:  March 11, 2010

By: */s/ Jeremy T. Stillings*

| | |
|---|---|
| ASHLEY MCKEAND<br>GIBBS & BRUNS LLP<br>1100 LOUISIANA, SUITE 5300<br>HOUSTON TX 77002 | BLALOCK, WALTERS, HELD & JOHNSON, P.A.<br>ATT:MARY FABRE LEVINE, ESQ.<br>ATTY FOR JOHN G. FRANK<br>802 11TH STREET WEST<br>BRADENTON FL 34205 |
| BRACEWELL & GIULIANI LLP<br>ATTN: DEAN TILLOSTSON & TONY VISAGE<br>711 LOUISIANA STREET<br>SUITE 2300<br>HOUSTON TX 77002 | FORIZS & DOGALI, P.A.<br>ATTN: ZALA FORIZS<br>4301 ANCHOR PLAZA PKWY, STE 300<br>TAMPA FL 33634 |
| GERSTNER & GERSTNER<br>ATT: J.GERSTNER & M. GERSTNER<br>ATTY FOR NANCY J. GROPPI<br>53 W. JACKSON BLVD., SUITE 1538<br>CHICAGO IL 60604 | HAL F. MORRIS<br>ASSISTANT ATTORNEY GENERAL<br>TEXAS ATTY GENERAL'S OFFICE<br>PO BOX 12548, MC-008<br>AUSTIN TX 78711-2548 |
| IDEAL SETTLEMENTS CORP<br>ATTN: ROBERT TAUROSA, AGENT<br>OR OTHER OFFICER OR MNG AGENT<br>3401 SHORELINE DRIVE<br>ALLENWOOD NJ 08720 | JACKSON WALKER LLP<br>JANET DOUVAS CHAFIN<br>1401 MCKINNEY, SUITE 1900<br>HOUSTON TX 77010 |
| LANGLEY & BANACK INC<br>DAVID S GRAGG<br>TRINITY PLAZA II, 9TH FLOOR<br>745 E MULBERRY<br>SAN ANTONIO TX 78212-3166 | NANCY J. GROPPI<br>5837 ELECTRIC AVENUE<br>BERKELEY IL 60163-1522 |
| OFFICE OF THE US TRUSTEE<br>RICHARD C FRIEDMAN & SANDRA RASNAK<br>219 S DEARBORN, ROOM 873<br>CHICAGO IL 60604-1702 | PATRICIA A. NAVIN<br>32 MILL ROAD<br>HAMPTON NH 03842 |
| PHELAN HALLINAN & SCHMIEG, LLP<br>ATT: JUDITH T. ROMANO, ESQ.<br>ATTY FOR INDU R. SHAH<br>1617 JOHN F. KENNEDY BOULEVARD, STE 1400<br>PHILADELPHIA PA 19103 | PROVIDENT CAPITAL INDEMNITY LTD<br>MINOR VARGAS CALVO AND<br>DESARROLLOS COMERCIALES RONIM,SA<br>OFICINAS EJECUTIVAS SAN RAFAEL<br>SAN RAFAEL-HEREDIA, COSTA RICA |

PROVIDENT CAPITAL INDEMNITY LTD
C/O TEXAS SECRETARY OF STATE
AS AGENT FOR SERVICE
PO BOX 12887
AUSTIN TX 78711-2887

RUSSELL E. MACKERT
5555 WEST LOOP SOUTH
SUITE 605
HOUSTON TX 77401

THOMPSON & KNIGHT LLP
ATTN:J BRANNON & K RICHTER
1722 ROUTH ST, SUITE 1500
DALLAS TX 75201

US SECURITIES & EXCHANGE COMM
ATTN: TOBY GALLOWAY
FORT WORTH REGIONAL OFFICE
801 CHERRY ST, 19TH FLOOR
FORT WORTH TX 76102

WALDRON & SCHNEIDER, LLP
ATTN: MARC H. SCHNEIDER
ATTORNEY TO TROY BROUSSARD & IVO DABELIC
UNIVERSITY PARK 15150 MIDDLEBROOK DRIVE
HOUSTON TX 77058

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIFE FUND 5.1, LLC, *et al.,*[1] | ) | Case No. 09 B 32672 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | **Hearing Date: March 17, 2010** |
| | ) | **Hearing Time: 9:30 a.m.** |

**APPLICATION OF CHAPTER 11 TRUSTEE JEFF MARWIL
TO RETAIN PROSKAUER ROSE LLP AS HIS COUNSEL
RETROACTIVE TO THE DATE OF HIS APPOINTMENT**

Jeff Marwil, not individually, but solely in his capacity as chapter 11 trustee (the "Trustee") to the bankruptcy estates of the above-captioned debtors (collectively, the "Debtors"), respectfully applies (this "Application") to this Court for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Trustee to employ and retain Proskauer Rose LLP ("Proskauer") as his counsel *nunc pro tunc* to March 8, 2010 (the date of the Trustee's appointment). In support of the Application, the Trustee relies on the Declaration of Marc Rosenthal of Proskauer (the "Rosenthal Declaration") attached hereto as **Exhibit B** and incorporated herein by reference. In further support of the Application, the Trustee respectfully represents as follows:

**Jurisdiction**

1. The Court has jurisdiction over the Motion under 28 U.S.C. § 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in the cases are: (1) Life Fund 5.1, LLC; (2) Life Fund 5.2, LLC; (3) A&O Life Fund, LLC; (4) A&O Resource Management, LLC; (5) A&O Bonded Life Settlement, LLC; (6) A&O Bonded Life Assets, LLC; and (7) Houston Tanglewood Partners, LLC.

3. Venue of these chapter 11 cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory and rule-based predicates for the relief requested herein are sections 105, 327, 328, 330, 503, 504 and 507 of title 11 of the United States Code (11 U.S.C. §§ 101–1532, as amended, the "Bankruptcy Code"), and rules 2014, 2016, and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

5. Prior to the Petition Date (as defined below), the Debtors operated in the "life settlement" industry, soliciting funds from individual investors to acquire life insurance policies.

6. On September 2, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases").

7. On September 16, 2009, this Court granted a motion of the office of the United States Trustee (the "UST") requesting appointment of a chapter 11 trustee under section 1104(a) of the Bankruptcy Code. On September 21, 2009, this Court approved the appointment of Patrick Collins ("Collins") as chapter 11 trustee.

8. On October 13, 2009, a group of investors in and/or creditors of the Debtors requested a trustee election. On November 13, 2009, the UST: (a) conducted a meeting of creditors of the Debtors required by section 341 of the Bankruptcy Code; and (b) conducted an election for a chapter 11 trustee. Mr. Marwil won this election and on March 8, 2010, after an evidentiary hearing regarding the election, this Court entered an order appointing Mr. Marwil as Trustee. (Docket No. 335.)

2

9.    Since the Petition Date, many events have occurred in the Chapter 11 Cases that require the Trustee to immediately retain counsel. For example, as chapter 11 trustee, Mr. Collins, among other things: (a) filed and served two adversary complaints that require immediate and continued prosecution (including responding to a motion to dismiss filed by one adversary defendant on March 10, 2010); (b) issued and initiated discovery on several parties in interest in the Chapter 11 Cases (including targets of potential litigation); and (c) retained experts to review, market, and locate potential purchasers for myriad life policy assets that form the bulk of the value of the Debtors' estates. Mr. Collins also retained his own counsel, which is transitioning its work in process to Mr. Marwil and Proskauer (in anticipation of Proskauer's retention). Counsel to Mr. Collins will not continue to serve as counsel to the Trustee (after a brief transition period).[2] The Trustee requires counsel to address these and all other issues that will arise in the Chapter 11 Cases and has selected Proskauer.

### Relief Requested

10.   The Trustee seeks the entry of an order, substantially in the form of the proposed order submitted herewith, pursuant to sections 327(a) and 330 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, authorizing him to retain and employ Proskauer as his chapter 11 counsel.

### The Retention of Proskauer

**A.    Proskauer's Qualifications**

11.   The Trustee selected Proskauer because its attorneys have extensive experience, knowledge and resources in the area of debtors' and creditors' rights, and, in addition to a

---

[2] The Trustee, Mr. Collins, counsel to Mr. Collins as chapter 11 trustee and Proskauer (as proposed counsel to the Trustee) are working cooperatively to effectuate a rapid transition in the Chapter 11 Cases and to ensure that there will be no unnecessary duplication of effort in connection therewith.

3

national bankruptcy practice, have extensive experience with litigation, dispute resolution and insurance recovery, including experience with the type of life policy assets that comprise the bulk of the value in the Debtors' estates. Proskauer has the ability to commit substantial resources to legal problems on an urgent basis. The Trustee, therefore, believes that Proskauer is well qualified to represent him in the Chapter 11 Cases.

12.     Proskauer is well suited to represent the Trustee in the Chapter 11 Cases. Proskauer has extensive experience in handling large and complex chapter 11 cases, including the representations of TLC Vision Corporation, USI Senior Holdings, Inc., Philadelphia Newspapers, LLC, G.I. Joe's, Inc., Caritas Health Care, Inc., Whitehall Jewelers, Inc., and numerous other corporations and clients for which Proskauer has provided services similar to those described herein. Moreover, and as discussed below, Proskauer is a full-service, national law firm with expertise in litigation and specialists in insurance litigation, which the Trustee expects to be a significant issue in the Chapter 11 Cases. Thus, Proskauer has the requisite bankruptcy and other expertise on matters which have already and/or are likely to arise in the Chapter 11 Cases.

13.     The primary attorneys anticipated to work on this engagement are Jeff Marwil, Jeremy Stillings, and Marc Rosenthal. Mr. Marwil is a partner at Proskauer with over 20 years of experience specializing in bankruptcy and creditors rights. Mr. Marwil has extensive experience in serving as a court-appointed fiduciary, including as trustee for the Bayou Hedge Fund Litigation Trust and as receiver for the Church Extension of the Church of God. Mr. Rosenthal is a partner at Proskauer with over 20 years of experience specializing in insurance recovery and related litigation. Mr. Stillings is an associate at Proskauer with seven years experience in bankruptcy and creditors rights, including representation of bankruptcy trustees.

Messrs. Marwil, Rosenthal and Stillings are members in good standing of the bar of the State of Illinois.

**B.     Services to Be Provided**

14.     The Trustee requires Proskauer to act as his counsel for insolvency and related matters and to render legal services relating to the day-to-day administration of the Debtors' estates and the controlled and orderly liquidation of the Debtors' estates and the myriad problems that may arise in these cases, including, without limitation, the following services:

a. advising the Trustee of his powers under the Bankruptcy Code and duties to parties in interest in the Chapter 11 Cases;

b. advising the Trustee regarding matters of bankruptcy law;

c. representing the Trustee in proceedings and hearings in the United States District and Bankruptcy Courts for the Northern District of Illinois and elsewhere;

d. preparing on behalf of the Trustee any necessary motions, applications, orders and other legal papers;

e. providing assistance, advice and representation concerning the confirmation of any proposed plan(s) of liquidation and solicitation of any acceptances or responding to rejections of such plan(s);

f. providing assistance, advice and representation concerning any investigation of the assets, liabilities and financial condition of the Debtors that may be required under local, state or federal law;

g. analyzing assets of the Debtors' estates, determining how to liquidate such assets, and assisting in that process;

h. reviewing, administering, and resolving claims against the Debtors' estates;

i. prosecuting and defending litigation matters and such other matters that might arise during the Chapter 11 Cases; and

j. performing such other legal services as may be necessary and appropriate for the efficient and economical administration of the Chapter 11 Cases.

C. **<u>Professional Compensation</u>**

15. The Trustee has determined to seek authority from this Court to employ Proskauer at Proskauer's customary hourly rates and under Proskauer's customary reimbursement policies, as set forth in the Rosenthal Declaration.

16. Subject to this Court's approval, Proskauer will charge for its legal services on an hourly basis in accordance with its hourly rates in effect on the date such services are rendered and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith, as set forth in the Rosenthal Declaration. For the information of the Court, the range of hourly rates charged by Proskauer nationwide, subject to periodic adjustment, is:

| | |
|---|---|
| Partner | $450–$1,025; |
| Senior Counsel | $395–$850; |
| Associate | $195–$675; and |
| Paraprofessionals | $70–$275. |

Specifically, and to inform the Court of the hourly rates of the Proskauer attorneys anticipated to be most active in the Chapter 11 Cases: (a) Mr. Marwil's hourly rate is $895, (b) Mr. Rosenthal's hourly rate is $600, and (c) Mr. Stillings' hourly rate is $525. Also expected to devote significant time to representing the Trustee in the Chapter 11 Cases is paralegal Renee Rice, whose hourly rate is $195.

17. Proskauer intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local rules of the United States Bankruptcy Court for the Northern District of Illinois, general orders of this Court, guidelines established by the UST, and such other procedures as may be fixed by order of the Court. Proskauer intends to seek payment of

6

compensation in compliance with the above rules, on an hourly basis, plus reimbursement of actual and necessary expenses incurred.

### D.     Proskauer's Disinterestedness

18.    Based upon the Rosenthal Declaration, the Trustee believes that, except as set forth therein, Proskauer's partners and associates do not hold or represent any interest adverse to the Debtors and that Proskauer and each of its partners and associates is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

19.    Based upon the Rosenthal Declaration, the Trustee believes that Proskauer's partners and associates have no connection with the Debtors, the Debtors' directors and executive management and the Debtors' professionals, except as set forth in the Rosenthal Declaration.

### Basis for Relief

20.    Section 327(a) of the Bankruptcy Code provides that a trustee, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under [the Bankruptcy Code].

11 U.S.C. § 327(a).

21.    Section 327(d) of the Bankruptcy Code permits the Court to "authorize the [T]rustee to act as an attorney… for the estate if such authorization is in the best interest of the estate." 11 U.S.C. § 327(d).

22.    Bankruptcy Rule 2014(a) requires that an application for retention include:

7

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

23. Based on the foregoing, the Trustee submits that he has satisfied the requirements of the Bankruptcy Code and the Bankruptcy Rules to support entry of an order authorizing him to employ and retain Proskauer in the Chapter 11 Cases.

24. The Trustee believes that the employment of Proskauer would be in the best interests of the Debtors' estates and desires to employ Proskauer, effective as of the date of his appointment, with compensation to be determined upon application to this Court.

### Notice

25. Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the Northern District of Illinois, Eastern Division; (b) the Securities Exchange Commission; and (c) all parties who have requested notice in the Chapter 11 Cases. In light of the nature of the relief requested, the Trustee submits that no further notice is required.

WHEREFORE, the Trustee respectfully requests that the Court enter an order in substantially the form attached hereto as **Exhibit A** authorizing and approving the retention and employment by the Trustee of Proskauer as his counsel, effective as of March 8, 2010, and granting such other and further relief as this Court deems just and proper.

Dated: March 11, 2010
      Chicago, Illinois                     **JEFF MARWIL,** not individually, but
                                              solely in his capacity as Trustee

*/s/ Jeff Marwil*
Jeff Marwil