IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| LIFE FUND, 5.1, LLC, *et al.*[1] | Case No. 09-32672 |
| | Hon. A. Benjamin Goldgar |
| Reorganized Debtors. | |
| | **Hearing Date:  March 12, 2012** |
| | **Hearing Time: 9:30 a.m.** |

<u>NOTICE OF HEARING</u>

**TO: SEE ATTACHED SERVICE LIST**

PLEASE TAKE NOTICE that on March 12, 2012 at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable A. Benjamin Goldgar or any Judge sitting in his stead, in the courtroom usually occupied by him in Room 613, 219 South Dearborn Street, Chicago, Illinois 60604, and shall then and there present the *First and Final Application of Melville Capital, LLC for Entry of Order Authorizing Reimbursement of Certain Expenses,* a copy of which is attached hereto.

---

[1]  The Debtors in these cases are A&O Life Fund, LLC (Case No. 09-32678), A&O Resource Management, LLC (Case No. 09-32677), A&O Bonded Life Settlement, LLC (Case No. 09-32681), A&O Bonded Life Assets, LLC (Case No. 09-32679), Life Fund, 5.2, LLC (Case No. 09-32674), and Houston Tanglewood Partners, LLC (Case No. 09-32676).

Dated: Feburary 21, 2012

Respectfully submitted,

MELVILLE CAPITAL, LLC

By: /s/ Michael M. Eidelman
Michael M. Eidelman, Esq. (#6197788)
William W. Thorsness, Esq. (#6290913)
VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
Telephone: (312) 609-7500
Facsimile: (312) 609-5005
meidelman@vedderprice.com
wthorsness@vedderprice.com

*Counsel  for Melville Capital, LLC*

2

## <u>CERTIFICATE OF SERVICE</u>

I, Michael M. Eidelman, an attorney, certify on this 21st day of February, 2012 that a true and correct copy of the *First and Final Application of Melville Capital, LLC for Entry of Order Authorizing Reimbursement of Certain Expenses* was filed with the Clerk of the U.S. Bankruptcy Court, Northern District of Illinois, using the CM/ECF filing system and served on the parties listed on the attached Service List.

Dated: February 21, 2012                          By:  /s/ Michael M. Eidelman

3

| SERVICE LIST | |
|---|---|
| Arnstein & Lehr, LLP<br>Attn: Michael Gesas, Barry Chatz,<br>Kevin H. Morse, Miriam R. Stein<br>120 S. Riverside Plaza, Suite 1200<br>Chicago, IL 60606 | ECF |
| Chapman & Cutler LLP<br>Attn: David Audley<br>111 W. Monroe Street, Suite 1600<br>Chicago, IL 60603 | ECF |
| Smith Amundsen LLC<br>Attn: Ean L. Kryska<br>150 N. Michigan Ave, Suite 3300<br>Chicago, IL 60601 | ECF |
| Johnson Trent West & Taylor LLP<br>Attn: Deborah Fritsche & Lori Hood<br>919 Milam, Suite 1700<br>Houston, TX 77002 | ECF |
| Katten Muchin Rosenman LLP<br>Attn: Paige E. Barr<br>525 West Monroe Street<br>Chicago, IL 60601 | ECF |
| Office of the U.S. Trustee<br>Attn: Richard Friedman & Sandra Rasnak<br>219 South Dearborn Street, Room 873<br>Chicago, IL 60604 | ECF |
| Grochocinski & Grochocinski<br>Attn: David E. Grochocinski<br>1900 Ravinia Place<br>Orland Park, IL 60462 | ECF |
| Clark Hill PLC<br>Attn: Daniel T. Graham<br>150 N. Michigan Ave., Suite 2700<br>Chicago, IL 60601 | ECF |
| Gould & Ratner<br>Attn: Mark E Leipold<br>222 N. LaSalle Street, Suite 800<br>Chicago, IL 60601 | ECF |
| Jones & Morris, LLP<br>Attn: Erin Jones<br>2700 Post Oak, Suite 1120<br>Houston, TX 77056 | ECF |
| Hirsch & Westheimer, PC<br>Attn: Michael J. Durrschmidt<br>Bank of America Center, 25th Floor<br>700 Louisiana | ECF |

4

| SERVICE LIST | |
|---|---|
| Houston, TX 77002 | |
| Shaw Gussis<br>Attn: Gordon Gouveia<br>321 N. Clark Street, Suite 800<br>Chicago, IL 60654 | ECF |
| Funkhouser, Vegosen, Liebman & Dunn Ltd.<br>Attn: Daniel T. Graham<br>55 W. Monroe Street, Suite 2300<br>Chicago, IL 60603 | ECF |
| Office of the Texas Attorney General<br>Bankruptcy & Collections Division<br>Attn: Stuart Phillips<br>P.O. Box 12548<br>Austin, TX 78711 | ECF |
| Perkins Coie LLP<br>Brian A. Audette, John M. Christian, and David M. Neff<br>131 South Dearborn, Suite 1700<br>Chicago, IL 60603 | ECF |
| Drinker Biddle & Reath LLP<br>Timothy R. Casey<br>191 N Wacker Dr, Suite 3700<br>Chicago, IL 60606 | ECF |
| Proskauer Rose LLP<br>Bianca Chapman, Brandon Levitan, Jeff J. Marwil,<br>Marc E. Rosenthal, and Jeremy T. Stillings<br>70 W Madison Suite 3800<br>Chicago, IL 60602 | ECF |
| Langley & Banack Incorporated<br>David S. Gragg<br>745 East Mulberry<br>Trinity Plaza II, Ninth Floor<br>San Antonio, TX 78212 | ECF |
| Pedersen & Houpt<br>Brian M. Graham and Bryan E. Minier<br>161 North Clark, Suite 3100<br>Chicago, IL 60601 | ECF |

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| LIFE FUND, 5.1, LLC, *et al.*[1] | Case No. 09-32672 |
|  | Hon. A. Benjamin Goldgar |
| Reorganized Debtors. |  |
|  | **Hearing Date:  March 12, 2012** |
|  | **Hearing Time: 9:30 a.m.** |

## FIRST AND FINAL APPLICATION OF MELVILLE CAPITAL, LLC FOR ENTRY OF ORDER AUTHORIZING REIMBURSEMENT OF CERTAIN EXPENSES

NOW COMES Melville Capital, LLC ("Melville"), by and through its undersigned counsel, and as and for its First and Final Application for Entry of Order Authorizing Reimbursement of Certain Expenses ("Application"), states:

## RELEVANT BACKGROUND

1.      On September 2, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases").   On September 16, 2009, this Court granted the United States Trustee's Motion requesting appointment of a chapter 11 trustee under section 1104(a) of the Bankruptcy Code.   On September 21, 2009, this Court approved the appointment of Patrick Collins as interim chapter 11 trustee.   On March 8, 2010, after Mr. Jeffrey Marwil was elected Trustee by creditors of the Debtors, this Court entered an order certifying the election of the Trustee.

---

[1]   The Debtors in these cases are A&O Life Fund, LLC (Case No. 09-32678), A&O Resource Management, LLC (Case No. 09-32677), A&O Bonded Life Settlement, LLC (Case No. 09-32681), A&O Bonded Life Assets, LLC (Case No. 09-32679), Life Fund, 5.2, LLC (Case No. 09-32674), and Houston Tanglewood Partners, LLC (Case No. 09-32676).

2.      Prior to the Petition Date, the Debtors operated in the "life settlement" industry, soliciting funds from individual investors in order to use such funds to acquire ownership or beneficial interests in life insurance policies on third party insureds (the "Policies").  Because the Debtors' estates did not have sufficient assets to indefinitely maintain the Policies and reap the Policies' death benefits, the Trustee believed an organized sale process of the Policies would maximize value for creditors.

3.      To that end, the prior Trustee (Mr. Collins) sought to retain Melville as his life settlement broker.  On November 30, 2009, the Court approved his retention of Melville, *nunc pro tunc* November 2, 2009, pursuant to its *Order Authorizing the Trustee to Employ and Retain Melville Capital as his Life Settlement Broker* (Dkt. No. 197) (the "Retention Order"), a copy of which is attached hereto as Exhibit "A."

4.      The Retention Order provided, *inter alia*, the method for calculating Melville's commission respecting the sale of the Policies.  Paragraph 4 of the Retention Order provides:

> 4.      In consideration of its services for the Trustee and on behalf of the Debtors' estates, Melville shall be entitled to receive a contingent commission fee (the "Commission") on the sale(s) of the Policies, which Commission shall be calculated as follows:
>
> (a)     Melville shall be entitled to receive 70 basis points of the face amount of any Policy that is the subject of a single sale, which amount can be calculated by multiplying the face amount of the applicable Policy subject to a sale by .007;
>
> (b)     in the event the gross sale price for a sale of any one Policy totals more than 12% of the face amount of such Policy that is the subject of such sale, Melville shall be entitled to receive an additional 9% of that portion of the gross sales price that exceeds 12% of the face amount of the applicable Policy; and
>
> (c)     in no event shall Melville be entitled to recover as its Commission more than eighteen percent (18%) of the gross sales price for the sale of any one Policy.

(Retention Order at ¶ 4.)

5.    The Retention Order also provided the following with respect to reimbursement of Melville's expenses.

> 9.    Melville shall not be required to file an application for the allowance and payment of its out-of-pocket expenses directly attributable to a particular Policy; provided, however, that such expenses do not exceed $2,500 per Policy.  However, to the extent Melville incurs expenses that are not attributable to any particular Policy or exceed $2,500 for any one given Policy, Melville shall file appropriate applications with the Court for the allowance and payment of any such additional expenses.

(Retention Order at ¶ 4.)

6.    On June 27, 2011, the Court entered its Order Authorizing Sale of 17 Life Insurance Policies to Vida Capital, Inc. Free and Clear of Liens, Claims and Encumbrances (Dkt. No. 703).  Pursuant to ¶8 of the Retention Order, Melville was paid its commission upon the closing of the sale of such Policies.

7.    On December 8, 2011, the Court entered an Order confirming the Trustee's Second Amended Plan of Consolidation and Liquidation (Dkt. No. 865) ("Confirmed Plan"). Pursuant to the Notice filed by the Trustee (Dkt. No. 888), the "Effective Date" of the Confirmed Plan occurred on January 27, 2012[2].

## REQUESTED RELIEF

8.    By this Application and consistent with the Retention Order, Melville seeks entry of an Order authorizing the Trustee to reimburse Melville for expenses (i) not attributable to any particular Policy; or (ii) which exceed the $2,500 cap for any single Policy.

---

[2]  Pursuant to Article XII(A) of the Confirmed Plan, fee applications are required to be filed within twenty-eight (28) days of the Effective Date (February 24, 2012).

## EXPENSE REIMBURSEMENTS MADE TO DATE

9.      To date, the Trustee made two payments to Melville for reimbursement of its expenses.[3]   On March 8, 2010, the Trustee reimbursed all of Melville's expenses incurred through March 2, 2010 ($15,532.28).   On September 16, 2010, the Trustee reimbursed all of Melville's expenses incurred through March 15, 2010 ($8,192.76), other than certain expenses relating to the Stephen S. Policy.  With respect to that Policy, the Trustee only reimbursed that portion of the requested expenses up to $2,500.00

## SUMMARY OF UNPAID EXPENSES (ALL POLICIES)

10.      In connection with the services rendered to the Trustee, Melville incurred the following expenses on a per Policy basis.[4]

| Expenses by Insured | Total Expenses | Payments to Date | Unpaid Expenses |
|---|---|---|---|
| Ralph A. | $1,589.98 | $1,357.16 | $232.82 |
| Yvonne B. | $550.84 | $543.34 | $7.50 |
| James B. | $18.86 | $11.36 | $7.50 |
| Nora & Wesley C. | $2,460.11 | $2,324.60 | $135.51 |
| Richard & Sandra C. | $1,619.08 | $1,504.08 | $115.00 |
| Anna C. | $975.56 | $968.06 | $7.50 |
| Roseann C. | $1,581.83 | $1,443.13 | $138.70 |
| Magdalen C. | $364.26 | $356.76 | $7.50 |
| Charlotte & Dale C. | $2,357.37 | $2,342.37 | $15.00 |
| Robert D. | $895.29 | $856.84 | $38.45 |
| Val D. | $28.74 | $21.24 | $7.50 |
| Edith F. | $1,699.84 | $1,699.84 | $0.00 |
| Mildred J. | $696.20 | $688.70 | $7.50 |
| Sidonia K. | $817.66 | $721.79 | $95.87 |
| Helen L. | $1,704.89 | $1,432.39 | $272.50 |
| Karen L. | $1,386.81 | $1,368.75 | $118.06 |
| Mary M. | $18.60 | $11.10 | $7.50 |

---

[3]   All expenses previously reimbursed by the Trustee were attributable to a particular Policy.  In addition, other than the Stephen S Policy (defined below), Melville did not incur $2,500 of expenses for any single Policy.

[4]   As set forth in the Retention Order, Melville is not required to seek entry of an Order for allowance and payment of expenses unless they exceed $2,500/Policy.  As set forth above, only the Stephen S. Policy falls within that category.

| Expenses by Insured | Total Expenses | Payments to Date | Unpaid Expenses |
|---|---|---|---|
| Cleo P. | $1,693.57 | $1,089.69 | $603.88 |
| Jim P. | $674.86 | $667.36 | $7.50 |
| Stephen S. (the "Stephen S. Policy") | $4,383.70 | $2,500.00 | $1,883.70 |
| Alfonso V. | $1,162.50 | $1,155.00 | $7.50 |
| Helen V. | $751.91 | $744.41 | $7.50 |
| Dorothy W. | $17.07 | $17.07 | $0.00 |
| **TOTAL** | $27,449.53 | $23,725.04 | $3,724.49 |

11.     The expenses incurred by Melville for the Stephen S. Policy are itemized as follows:

| Stephen S. | | | |
|---|---|---|---|
| | Insured Letters | $11.36 | |
| | Medical Records | $1,487.84 | |
| | MEDI Expenses | $57.00 | |
| | Life Expectancy Reports | $2,820.00 | |
| | New Background Report | $7.50 | |
| | | | **$4,383.70** |

12.     In addition to the foregoing, Melville also incurred $1,959.33 of expenses which are not attributable to any particular Policy.  These expenses relate to travel expenses to Chicago ($1,566.93) and insureds' and agents' background reports ($392.40).

13.     The foregoing expenses were actual and necessary costs and expenses incurred by Melville in connection with the sale and marketing of the Policies.  Melville has not requested reimbursement for secretarial overtime, online research charges, local transportation, facsimile transmissions, local meals or refreshments.  Rather, all of the expenses to be reimbursed were actual, out-of-pocket expenses similar to the type of expenses described in paragraph 11 above.

## CONCLUSION

14.     In connection with the services rendered to the Trustee and in accordance with the Retention Order, Melville has been paid all amounts due it, other than $5,683.82, consisting of unpaid expenses (described in paragraphs 10 and 12 above).  Of such amount, Melville seeks

allowance of expenses not attributable to any policy (described in paragraph 12 above) and the amount in excess of the $2,500 cap for the Stephen S. Policy.  All such expenses were incurred for the benefit of these estates.  Further, counsel for the Trustee has reviewed this Application and supports entry of the Order attached hereto as Exhibit "B."

WHEREFORE, Melville respectfully requests that this Court enter an Order authorizing and directing the Trustee to reimburse Melville for all of its expenses in accordance with the Retention Order, including, without limitation, all expenses incurred in connection with the Stephen S. Policy and expenses which are not attributable to any particular Policy.

Dated: Feburary 21, 2012                    Respectfully submitted,

MELVILLE CAPITAL, LLC

By:  /s/ Michael M. Eidelman
Michael M. Eidelman, Esq. (#6197788)
William W. Thorsness, Esq. (#6290913)
VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
Telephone: (312) 609-7500
Facsimile: (312) 609-5005
meidelman@vedderprice.com
wthorsness@vedderprice.com

*Counsel  for Melville Capital, LLC*