**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIFE FUND 5.1, LLC, | ) | Case No. 09 B 32672 |
| | ) | |
| Debtor. | ) | <u>**Hearing Date**</u>: May 9, 2016 |
| | ) | <u>**Hearing Time**</u>: 10:00 a.m. |

**LIQUIDATING TRUSTEE'S FINAL REPORT
<u>AND CERTIFICATION OF COUNSEL REQUESTING ENTRY OF A FINAL DECREE</u>**

Jeff Marwil, not individually, but solely in his capacity as liquidating trustee (the "<u>Liquidating Trustee</u>") for the Life Funds Liquidating Trust (the "<u>Liquidating Trust</u>"), pursuant to the confirmed plan of consolidation and liquidation (Docket No. 820, the "<u>Plan</u>") and sections 350 and 1106(a)(1) of title 11 of the United States Code (as amended, the "<u>Bankruptcy Code</u>") and rule 3022 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), respectfully submits this final report and certification of counsel ("<u>Final Report and Certification</u>") requesting entry of a final decree in substantially the form attached hereto as **<u>Exhibit A</u>** closing the above-captioned chapter 11 case (the "<u>Lead Case</u>") of Life Fund 5.1, LLC:

<u>**Liquidating Trustee's Final Report**</u>

*a.  **Establishment of the Liquidating Trust***

1.      On September 2, 2009 (the "<u>Commencement Date</u>"), the above-captioned debtor, Life Fund 5.1, LLC, and related entities Life Fund 5.2, LLC, A&O Life Fund, LLC, A&O Resource Management, LLC, A&O Bonded Life Settlement, LLC, A&O Bonded Life Assets, LLC, and Houston Tanglewood Partners, LLC (collectively, the "<u>Debtors</u>"), each, commenced a voluntary case under chapter 11 of the Bankruptcy Code.

2.      On October 12, 2011, the chapter 11 trustee filed the Plan, which was confirmed by order of the Court on December 8, 2011. *See* Docket No. 865.

3.      On January 27, 2012, the Plan became effective, and the Liquidating Trust was established pursuant to the Plan. As provided in Article IV(B) of the Plan, Jeff Marwil, the former chapter 11 trustee, was appointed Liquidating Trustee.

### b.  Prior Distributions by the Liquidating Trust

4.      To date, the Liquidating Trust has made two *pro rata* distributions to beneficiaries totaling $4,750,000.

### c.  Assets of the Liquidating Trust

5.      The Liquidating Trust's currents assets consist of: (a) cash reserves held in the Liquidating Trust's checking account; and (b) unclaimed distributions that have reverted back to the Liquidating Trust under the terms of the Plan and the Life Funds Liquidating Trust Agreement (the "Trust Agreement").

| Liquidating Trust Assets | Amount ($) |
|---|---|
| Checking Account Balance as of March 31, 2016 | $75,616.88 |
| Unclaimed Distributions in Disbursing Account | $70,765.19 |
| Total: | $146,382.07 |

### d.  Outstanding Liabilities of the Liquidating Trust

6.      The Liquidating Trust has the following outstanding administrative obligations: (a) accrued fees and expenses incurred by Proskauer Rose LLP ("Proskauer"), counsel to the Liquidating Trustee, during the period of time from July 1, 2014 through March 31, 2016, in the aggregate amount of $66,268.72; and (b) accrued fees and expenses incurred of Alan Lasko & Assocs., accountant for the Liquidating Trust, in the amount of $4,100.00.

7.      The Liquidating Trust's beneficiaries hold approximately $90 million in aggregate claims.

2

*e.  Projected Final Distribution and Amendments to the Liquidating Trust Agreement*

8.      The Liquidating Trustee has created the following budget showing the proposed amount of the Liquidating Trust's third and final distribution (the "Final Distribution") to beneficiaries:

| Final Distribution Budget | Amount ($) |
|---|---|
| Liquidating Trust Assets | $146,382.07 |
| Outstanding Liabilities of the Liquidating Trust | $(70,368.72) |
| Projected Future Administrative Costs: | |
| • Garden City Group (Disbursing Agent) | $(10,000.00) |
| • Alan Lasko & Assocs. (Accounting) | $(4,000.00) |
| • Proskauer Rose LLP (Legal) | $(10,000.00) |
| • UST Fees (through Final Decree, rounded up) | $(325.00) |
| **Projected Final Distribution:** | $50,000.00 |

9.      The Liquidating Trustee has sought authority from the Liquidating Trust Creditor Panel pursuant to Article 3.6 of the Trust Agreement to: (a) make the Final Distribution in the amount of $50,000, maintaining a reserve for future administrative costs consistent with the budget provided above; (b) pay outstanding administrative obligations of the Liquidating Trust in the amount of $70,368.72; and (c) amend the Trust Agreement pursuant to Article 10.1 of thereof to (i) allow the Liquidating Trustee to pay any Unclaimed Distributions resulting from the Final Distribution to the Bankruptcy Assistance Desk for the Northern District of Illinois, and (ii) to reinstate, solely for purposes of making the Final Distribution, the beneficial interest of claimant Floyd Guest, whose interest was cancelled pursuant to (Article 7.4 of the Trust Agreement), who has since come forward and provided his updated address to counsel for the

3

Liquidating Trustee.

**Certification of Counsel Requesting Entry of Final Decree for the Chapter 11 Case of
Debtor Life Fund 5.1, LLC**

10.    Counsel for the Trustee certifies that the Debtors' estates are now fully administered, subject to the making of the Final Distribution, satisfaction of the Liquidating Trust's administrative obligations, and the payment of Unclaimed Distributions, if any, to the Bankruptcy Assistance Desk for the Northern District of Illinois. Article XII(K) of the Plan provides that "[t]he Plan shall serve as a motion for a Final Decree for each of the Chapter 11 Cases other than the Chapter 11 Case of Debtor Life Fund 5.1, LLC . . . [s]ubsequent to the Effective Date and the Distributions and any other actions required under the Plan, counsel to the Liquidating Trustee shall file a certification of counsel requesting the entry of a Final Decree for the chapter 11 case of Debtor Life Fund 5.1, LLC." Article XII(K) of the Plan.

11.    Under section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Court shall close a bankruptcy case when the estate is "fully administered." provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a); Fed. R. Bankr. P. 3022. Neither the Bankruptcy Code nor the Bankruptcy Rules define the term "fully administered." The Advisory Committee Notes to Bankruptcy Rule 3022, however, set forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a.   whether the order confirming the plan has become final;

    b.   whether deposits required by the plan have been distributed;

    c.   whether the property proposed by the plan to be transferred has been transferred;

    d.   whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

4

e.  whether payments under the plan have commenced; and

f.  whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee Notes (1991). However, satisfaction of each of the above stated factors is not mandated. "In the end . . . these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005). Instead, "Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully administered." *In re Union Home & Industrial, Inc.*, 375 B.R. 912, 916 (10th Cir. B.A.P. 2007) (citation omitted); *see also In re Kliegel Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Notes when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538-39 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Notes need not be present before the Court will enter a final decree.") (quoting *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)).

12.  The Liquidating Trustee has liquidated the Liquidating Trust's claims, and the only further task remaining is for the Liquidating Trust to satisfy its remaining administrative obligations, and distribute the balance of such funds to its beneficiaries. The Advisory Committee Notes expressly state that "[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed." Consequently, counsel to the Liquidating Trustee provides this certification of counsel requesting the closing of the Lead Case.

5

## Waiver of Rule Local Rule 3022-1

13.     The Liquidating Trustee submits that under the terms of the Plan, this Final Report and Certification does not qualify as a motion under Local Rule 3022-1 and therefore does not require that notice of this Final Report and Certification be provided to all creditors of the Debtors. In the event that the Court deems Local Rule 3022-1 is applicable to the Final Report and Certification, the Liquidating Trustee respectfully requests a waiver of the notice requirements embodied in Local Rule 3022-1 in light of the expense to the Liquidating Trust of providing such notice to the hundreds of individual creditors.

## Notice

14.     Notice of this Final Report and Certification has been provided to: (1) the Office of the United States Trustee for the Northern District of Illinois; and (2) all other parties that have requested service pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Liquidating Trustee submits that no further notice is necessary under the circumstances.


Dated: May 5, 2016                    Respectfully Submitted,

**JEFF MARWIL**, not individually, but solely in his capacity as Liquidating Trustee

By:   */s/ Brandon W. Levitan*
Jeff Marwil (ARDC# 06194054)
Brandon W. Levitan (ARDC# 6303819)
PROSKAUER ROSE LLP
70 West Madison, Suite 3800
Chicago, Illinois 60602-4342
(312) 962-3529
(312) 962-3551 (Fax)
*Counsel to the Liquidating Trustee*


6

## <u>CERTIFICATE OF SERVICE</u>

I, Brandon W. Levitan, an attorney, do hereby certify that on or about May 5, 2016, I caused a copy of the foregoing *Liquidating Trustee's Final Report and Certification of Counsel Requesting Entry of Final Decree* to be served via the Court's CM/ECF service on: (1) the Office of the United States Trustee for the Northern District of Illinois; and (2) all other parties that have requested service pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

By:*/s/ Brandon W. Levitan*

Brandon W. Levitan (ARDC #6303819)
PROSKAUER ROSE LLP
70 West Madison, Suite 3800
Chicago, Illinois 60602
Tel: (312) 962 3530
Fax: (312) 962 3551

55386532v2